**Daniel William GRUNDSTROM, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 997–87.

Court of Criminal Appeals of Texas, En Banc.

May 3, 1989.

Melvyn Carson Bruder, Dallas, Elaine D. Stovall, Huntsville, for appellant.

John Vance, Dist. Atty., Michael A. Klein, Jane Little and Randy Manasco, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant was convicted by a jury, upon his plea of not guilty, of aggravated robbery. A life sentence was assessed by the jury.

On appeal, appellant's conviction was affirmed by the Dallas Court of Appeals in a published opinion. *Grundstrom v. State,* 733 S.W.2d 920 (Tex.App.—Dallas [5th] 1987). In deciding the case, the court found: (1) the accomplice witness corroboration to be sufficient; (2) that appellant's arrest did not violate Article 14.04, V.A.C.C.P.; and (3) that the jury instructions regarding the law on parole were constitutional.

We granted appellant's petitions for discretionary review [1] to examine the decision of the Court of Appeals. After discovery that appellant has been represented by two separate attorneys, each filing separate petitions for discretionary review, we have determined that the petition filed by Staff Counsel for Inmates was improvidently granted. As to the petition filed on appellant's behalf by Melvin Bruder, we have determined that such petition was also improvidently granted as to grounds for review numbers one and two. As to ground for review number three, appellant urges the Court of Appeals erred in holding Article 37.07 § 4, V.A.C.C.P. is constitutional. We find appellant is correct. In *Rose v. State,* 752 S.W.2d 529 (Tex.Cr.App.1988), this Court determined that Article 37.07

§ 4 is unconstitutional. Under *Rose,* supra, if a harmless error analysis is necessary, such analysis should be conducted under the guidelines of Tex.R.App.Proc. 81(b)(2). Thus, as to ground for review number three only, we will vacate and remand.

Just as in cases where this Court refuses to grant a petition for discretionary review, this Court's decision to order appellant's petitions for discretionary review dismissed as improvidently granted should not be construed as approval by this Court of the language or reasoning used by the Court of Appeals in reaching its decision.

Staff Counsel for Inmates' petition for discretionary review is hereby ordered dismissed in its entirety. Appellant's petition for discretionary review, filed by Melvin Bruder, is also ordered dismissed as to grounds for review numbers one and two. The judgment of the Court of Appeals is vacated as to ground for review number three only in the petition filed by Melvin Bruder and this cause is remanded to that court for further proceedings consistent with this opinion.

CLINTON and TEAGUE, JJ., would decide the other grounds presented for review.

---

1. Two separate petitions for discretionary review by two separate attorneys were filed on appellant's behalf and granted by this Court. Melvin C. Bruder filed one petition raising the following grounds for review: (1) sufficiency of accomplice witness corroboration; (2) lawfulness of appellant's arrest pursuant to Art. 14.04, V.A.C.C.P.; and (3) constitutionality of jury instructions regarding the law on parole. Staff

Counsel for Inmates filed a separate petition for discretionary review raising the following grounds: (1) constitutionality of jury instructions regarding the law on parole; (2) sufficiency of accomplice witness corroboration; and (3) the trial court's failure to limit the jury's consideration of evidence of an extraneous offense. Both of these petitions were granted as to all grounds on the same day.